IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RICHARD JAMES JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0096 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RICHARD JAMES JOHNSON. By his application, petitioner challenges a March 26, 2007 prison disciplinary proceeding wherein petitioner was found guilty of committing the Level 2, Code 16.0 offense of possession of contraband at the Clements Unit in Potter County, Texas.[1] Case No. 20070201122. As a result of the disciplinary proceeding, petitioner lost thirty (30) days of previously accrued good time credits.[2]

Following his finding of guilt, petitioner filed a Step 1 grievance to appeal the

---

[1]The contraband was identified as thirty (30) magazine cut outs, one Qu'ran book, one composition book, one handwritten note with the name James Hornsby #1072124, and one rectangular magnifying glass.

[2]Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

disciplinary decision, arguing therein:

    1.    The hearing officer did not explain the charges to petitioner despite petitioner's MHMR restrictions;

    2.    The psychiatric department erroneously found petitioner's actions were not caused by any lack of medication because the psychiatric department is anti-Muslim and did not consult with petitioner;

    3.    Ineffective assistance of counsel substitute for failure to investigate;

    4.    There is no written rule that prohibits possession of religious reading materials in the infirmary;

    5.    There was insufficient evidence to support the finding that a disciplinary violation had taken place;

    6.    Confiscation of petitioner's property was not carried out consistent with TDCJ-CID rules as petitioner did not receive a confiscation sheet and his property has not been returned to him; and

    7.    The charging officer discriminated against petitioner because of his religion.

By his grievance, petitioner sought to overturn the disciplinary conviction and instigate the return, or replacement, of his Qu'ran and notebook. Petitioner's Step 1 grievance was denied on May 4, 2007 with the following response:

> Disciplinary Report #20070201122 and all related investigative documentation have been reviewed. The charge against you was appropriate. No investigative or service procedure errors were noted. There were no procedural errors noted. The case was presented to a fair and impartial hearing officer. Based on the evidence presented at the hearing, a guilty verdict was appropriate. The punishment was consistent with the guidelines in the disciplinary rules and procedures. The decision of the hearing officer shall stand as rendered. No action warranted.

Grievance No. 2007126412. Petitioner appealed the Step 1 decision by filing a Step 2 grievance asserting simply, "Please tell me how a Qu'ran is contraband" as his reason for dissatisfaction with the response at Step 1. Petitioner's Step 2 grievance was denied May 23, 2007 with the following

response:

> Major disciplinary case # 20070201122 has been reviewed.  The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence.  There was nothing to indicate staff submitted false statements or reports.  You were not denied witnesses or evidence.  No investigation, Counsel Substitute, Mental Health review or Hearing Officer deficiencies were noted.  All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines.  Your allegations concerning the property and the charging officer were addressed in grievance #2007122983.[3]  No further action is warranted in this matter.

Petitioner filed this application for a federal writ of habeas corpus on May 20, 2007.  For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DENIED.

I.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 20070201122 in the following respects:

1. Petitioner was denied requested witnesses at his disciplinary hearing, thus violating his rights to due process;

2. Petitioner was punished prior to the disciplinary hearing finding of guilt or even prior to going before the hearing officer, thus violating his right to due process;

3. *The hearing officer did not explain the charges to petitioner, despite petitioner's statement that he did not understand the charges, thus violating his right to due process;*

4. Prison procedures were not followed;

5. Petitioner's right to religious freedom was violated; and

6. *Petitioner was denied effective assistance of counsel substituted because*

---

[3] The grievance number listed is not the number of petitioner's grievance.

> *counsel did not attempt to get statements from witnesses identified by petitioner.*

## II.
## EXHAUSTION OF STATE COURT REMEDIES

No relief may be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists. However, an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(2). This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[4]

Petitioner filed a Step 1 grievance challenging the disciplinary ruling, raising the seven (7) grounds listed above. Two (2) of the six (6) grounds raised in this federal habeas corpus proceeding, to wit: grounds 3 and 6, were raised in petitioner's Step 1 grievance. In his Step 2 grievance, petitioner raised only one (1) ground, to wit: his Qu'ran did not constitute contraband under Level 2, Code 16.0 of the *Disciplinary rules and Procedures for Offenders*, a ground not previously raised at Step 1. This ground is not asserted in the instant habeas application.

Respondent argues, without citation to authority, that "because Johnson failed to raise each claim in his step-one grievance and then raise each claim again in his step-two grievance, his claims

---

[4] At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

are unexhausted." Review of the *Offender Orientation Handbook* and the *Disciplinary Rules and Procedures for Offenders* does not indicate a prisoner is required to raise identical claims in each step of the grievance procedure in order to exhaust such claims. Moreover, the prison did not deny petitioner's Step 2 on procedural grounds for failure to raise the same issues at Step 2 as he did at Step 1. The undersigned does not find petitioner failed to exhaust on this basis.

However, petitioner raised only two (2) of the six(6) grounds he raises in this federal habeas application in the grievance procedure. Therefore, the state prison was only provided the opportunity to correct these two (2) alleged errors in its disciplinary proceeding. Consequently, petitioner has only exhausted grounds 3 and 6 in his federal petition. As grounds 1-2 and 4-5 were never properly exhausted and may not now be submitted for state review as any newly filed grievance would be untimely, such grounds are procedurally barred from consideration by this Court.[5]

### III.
### EXPLANATION OF CHARGES

Petitioner contends he was denied due process because the hearing officer did not explain the charges to petitioner, despite petitioner's statement that he did not understand the charges. Petitioner does not elaborate on what he did not understand about the offense charged.

Petitioner was notified of the disciplinary charges on March 22, 2007, more than twenty-four hours before his disciplinary hearing. The written notice explained he was being charged with the offense of possession of contraband, identified the items alleged to be contraband, and explained the items were contraband because petitioner possessed them in a building where such items were

---

[5]*See Coleman v. Thompson*, 501 U.S. 722, 729-730, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991) (federal habeas courts are barred from considering claims when a petitioner fails to satisfy state procedural requirements as to those claims).

not allowed.  Petitioner requested, and was appointed, counsel substitute because of his low IQ. Counsel substitute's Service Investigation Work Sheet indicates petitioner stated he understood the report, charges and rights of which he was informed, and gave as his reason or defense for possessing the items at the infirmary that he "couldn't get to [his] cell because there was an incident that happened in that hallway so I had to take these things with me."  The Hearing Worksheet indicates petitioner was cooperative and did not indicate a desire to say anything else.[6]

Petitioner's claim that he did not understand the charge against him is not substantiated. The record indicates petitioner understood the charge, provided an excuse for the possession offense, and was provided all other due process to which he was entitled.  Petitioner's claim should be denied.

## IV.
## COUNSEL SUBSTITUTE

To the extent petitioner alleges counsel substitute was ineffective for failing to obtain statements from unidentified witnesses, petitioner has failed to provide the Court with any facts to support this allegation.  Moreover, the disciplinary record does not reflect the identify of any witnesses to the offense.  Additionally, petitioner's ineffective assistance claim must fail as it does not entitle him to federal habeas corpus relief.  The United States Supreme Court has held "inmates do not 'have a right to either retained or appointed counsel in disciplinary hearings.'" *Baxter v. Palmigiano,* 425 U.S. 308, 315, 96 S.Ct. 1551, 1556 (1976) (citing *Wolff,* 418 U.S. at 570, 94 S.Ct. at 2981).  Under *Baxter*, petitioner may not complain about the inadequacy of his counsel substitute

---

[6]The hearing officer's notes state petitioner "stated he did know these items were contraband" although such notes are most likely in error and should have stated petitioner "did not know" as the Preliminary Investigation Report indicated petitioner did not believe his Qu'ran and notebook were contraband.  The audiotape of the hearing in this case is inaudible and the Court thus cannot review any actual statements made by petitioner at the hearing.

at the disciplinary hearing as he was not entitled to representation.  Since petitioner did not have a right to either appointed or retained counsel at his prison disciplinary hearing, there was no constitutional violation on which habeas relief can be granted on claims of ineffective assistance of counsel substitute.  *See Enriquez v. Mitchell,* 533 F.2d 275, 276 (5th Cir.1976).  Petitioner's claim should be denied.

## V.
## RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner RICHARD JAMES JOHNSON should be, in all things, DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 24th day of April 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are

allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).